## SWARTZ *et al.* v. MATTESON.

*Appeal from Winneshiek District Court — Saturday, December 16.*

### FRAUD IN SALE OF LAND.

GEORGE and John Swartz were joint owners of two hundred and seventy-two acres of land in Winneshiek county. The legal title was held by George Swartz, who died intestate, leaving a widow and two children surviving him. Leonard Swartz was appointed guardian for the children, and obtained an order from the proper court for the sale of said land. The guardian, the widow, and John Swartz, united in the sale and conveyance of the land to the defendant for $2,000. This action is now brought to set aside such sale on the ground that the defendant was at the time their agent for the sale of the land and had fraudulently purchased it himself. The title had been conveyed by defendant to third persons, who had purchased and paid therefor in good faith before this action was commenced. The district court set aside the sale and rendered judgment against the defendant for the amount he had received for the land on the re-sale, with the interest thereon from the time he had received it, less the amount paid by him for the land.

The defendant appeals.

*G. R. Willett* for the appellant — *L. Bullis* and *Nolle, Hatch & Frese* for the appellee.

COLE, J.—The evidence in this case is quite voluminous, and embodies a very extended correspondence between the parties. We have given to it all a careful reading and re-reading and, without any doubt on the mind of any member of the court, are united in the conclusions, that the defendant never was the agent of the plaintiffs or either of them for the sale of the land, but only for paying taxes; that there is nothing in the evidence to show that he made any misrepresentation whatever as to the location, quality, or market value of the land; that the plaintiffs negotiated with the defendant for the sale of the land, inviting propositions from him and using efforts to increase his offers the same as they did with other persons; that they finally sold to the defendant because he offered and gave more than the other persons negotiating for it would give, and that the defendant's suggestion as to a private instead of a public sale by the guardian was never adopted until plaintiffs had decided to accept the defendant's offer. There being no agency for the sale and no fraud shown, there is, of course, no case made for the application of the rules of law, which the appellee's counsel state with correctness.

Reversed.